CHARLES KRUPNICK, Respondent, v. JOSEPH BRANIKOWSKI, Defendant, and BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant.— The appellant's street car stopped seventy feet short of the intersection of two streets, due to the fact that automobiles, halted by a red traffic light, were occupying the car tracks ahead. The doors were opened, and plaintiff, a passenger, alighted and started for the sidewalk. He was then struck by the automobile of defendant Branikowski, and has sued to recover damages for the injuries he sustained. Judgment in favor of plaintiff against defendant Brooklyn and Queens Transit Corporation reversed on the law, with costs, and the complaint dismissed as to such appealing defendant, with costs, on the ground that plaintiff failed to prove any negligence on the part of the appellant constituting a proximate cause of the accident, and upon the further ground that the plaintiff was guilty of negligence as a matter of law. The ordinance, obscure in its provisions, must receive a liberal interpretation to the end that traffic may move and public convenience be served. If the street was blocked by other traffic, the operator of the street car might properly stop at a reasonable distance from the street intersection and discharge passengers if the physical condition of the street at that point indicated that such act offered to passengers a reasonable opportunity to alight in safety. The operator was not

bound to keep the doors closed until the traffic cleared ahead, and then move up a short distance and stop again, thereby delaying the progress of his car until the traffic light changed again. The danger to persons alighting from a street car from automobiles driven recklessly and illegally is constant no matter where the car may stop. The duty is on the alighting passenger to look out for his own safety. Hagarty, Davis and Johnston, JJ., concur; Young, J., dissents and votes to affirm; Lazansky, P. J., not voting.